AO 241                                                                                                                                    Page 1
(Rev. 06/13)

# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ _____ , you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State  Zip Code**

9. <u>**CAUTION:**</u> **You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date**.

10. <u>**CAPITAL CASES:**</u> **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel**.

AO 241
(Rev. 06/13)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Massachusetts | |
|---|---|---|
| Name (under which you were convicted): <br><br> Jermaine Celester | | Docket or Case No.: |
| Place of Confinement : <br> MCI Shirley (medium) - Shirley, MA | Prisoner No.: <br><br> W59247 | |
| Petitioner (include the name under which you were convicted) <br><br> Jermaine Celester | v. | Respondent (authorized person having custody of petitioner) <br><br> Michael Rodriguez, Superintendent, MCI Shirley (medium) |
| The Attorney General of the State of: Massachusetts | | |

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Plymouth County Superior Court, Brockton, Massachusetts

    _____

    _____

    (b) Criminal docket or case number (if you know): PLCR1994-95291

2.  (a) Date of the judgment of conviction (if you know): 06/12/2017

    (b) Date of sentencing: 06/20/2017

3.  Length of sentence: life in prison

4.  In this case, were you convicted on more than one count or of more than one crime?   ☐ Yes   ☑ No

5.  Identify all crimes of which you were convicted and sentenced in this case: _____

    second degree murder (G.L. Ch. 265 Section 1)

    _____

    _____

    _____

    _____

    _____

6.  (a) What was your plea? (Check one)

    ☑ (1)   Not guilty          ☐ (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty              ☐ (4)   Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?   N/A

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

        ☑ Jury    ❑ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

        ❑ Yes    ☑ No

8.    Did you appeal from the judgment of conviction?

        ☑ Yes    ❑ No

9.    If you did appeal, answer the following:

(a) Name of court:   Massachusetts Appeals Court

(b) Docket or case number (if you know):   2018-P-0347

(c) Result:   Affirmed (01/30/20); on remand, affirmed again (11/18/20)

(d) Date of result (if you know):   11/18/2020

(e) Citation to the case (if you know):   None (Unpublished Opinions pursuant to Rule 1:28 & 23)

(f) Grounds raised:   1.  Violation of 6th A. and 14th A. right to present a defense (3rd party culprit)

2. Violation of due process (prosecutor took advantage of excluded 3rd party culprit evidence in closing)

3. Violation of 6th A. and 14th A. right to confrontation, cross-exam, due process (court took various

steps to prevent an exculpatory witness from testifying).

4. Violation of 14th A. right to due process (prosecutor referred to excluded identification evidence in

closing argument).

5. Mandatory life sentence for act of 21 year old defendant violated due process.

(g) Did you seek further review by a higher state court?    ☑ Yes    ❑ No

    If yes, answer the following:

    (1) Name of court:   Supreme Judicial Court

    (2) Docket or case number (if you know):   FAR-27341

    (3) Result:   Denied without prejudice (07/29/20); case remanded to Appeals Court for

    further consideration. After affirmance on remand, denied (01/14/21).

    (4) Date of result (if you know):   01/14/2021

(5) Citation to the case (if you know):          485 Mass. 1106 (2020); 486 Mass. 1111 (2021)

(6) Grounds raised:              Arguments 1-4 listed above in paragraph 9(f).

(h) Did you file a petition for certiorari in the United States Supreme Court?          ☐ Yes      ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?          ☐ Yes      ☑ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)        (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes      ☐ No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❏ Yes    ❏ No

    (7) Result: _____

    (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❐ Yes     ❐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1)  First petition:      ❐ Yes      ❐ No

(2)  Second petition:   ❐ Yes      ❐ No

(3)  Third petition:     ❐ Yes      ❐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.       For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts
supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available
state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set
forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**   The trial judge violated the Defendant's 6th & 14th A. right to present a defense by preventing

him from introducing evidence of third party culprits.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The trial judge prevented the defense from presenting the identity of the occupants of the car that fled the scene

of the shooting, the fact that they knew and disliked one of the victims and their consciousness of guilt.

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

AO 241
(Rev. 06/13)

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☑ Yes        ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:  _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes        ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  _____

Name and location of the court where the motion or petition was filed:  _____

_____

Docket or case number (if you know):  _____

Date of the court's decision:  _____

Result (attach a copy of the court's opinion or order, if available):  _____

_____

_____

(3) Did you receive a hearing on your motion or petition?                              ☐ Yes        ☐ No

(4) Did you appeal from the denial of your motion or petition?                        ☐ Yes        ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes        ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  _____

_____

Docket or case number (if you know):  _____

Date of the court's decision:  _____

Result (attach a copy of the court's opinion or order, if available):  _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: _____

_____

_____

**GROUND TWO:**      The prosecutor violated the defendant's right to due process by exploiting the fact

that the trial judge excluded third party culprit evidence the defense sought to introduce.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

In his closing argument, the prosecutor took advantage of the exclusion of the third-party culprit evidence at issue

in Ground One by arguing that the jury should reject Corinne DeFrancesco's testimony that she saw a car flee the

scene and her claim that the decedent told her "the shots came from the backseat passenger side" because it

was uncorroborated.

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

(c)     **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐   No

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

    _____

    _____

(d)     **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes    ☑ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

    _____

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?                    ❐  Yes        ❐  No

(4) Did you appeal from the denial of your motion or petition?            ❐  Yes        ❐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❐  Yes   ❐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : _____

_____

_____

_____

**GROUND THREE:**          The trial judge violated Petitioner's constitutional right to compulsory process,

confrontation, and due process by making a witness, Calvin Dyous, unvailable to the defense.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(1) The trial judge erroneously found that Dyous had a  "de minimis" Fifth Amendment privilege for contempt

based on the fact that he had not promptly returned the prosecution's phone calls during jury selection; and (2) he

denied a defense motion for judicial immunity in spite of the prosecutor's admission that he intentionally caused

Dyous to invoke the privilege for the purpose of distorting the fact-finding process. Specifically, because Dyous

had admitted he would now provide exculpatory testimony if called, the prosecutor orchestrated his invocation

of the privilege, refused to grant him immunity and instead presented Dyous's inculpatory testimony from a

previous trial.

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes      ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?                        ☐ Yes      ☐ No

(4) Did you appeal from the denial of your motion or petition?                   ☐ Yes      ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes      ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)       **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

          have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:**   The prosecutor violated due process and a court order when he asserted, contrary to the

evidence, that one shooting victim identified the Petitioner as the shooter "uequivocal[ly]".

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Prior to trial, the defense moved in limine to exclude identification testimony by a surviving victim, Derek Gibbs.

After hearing testimony from Gibbs outside the hearing of the jury, the trial judge granted the motion. Consistent

with the judge's ruling Gibbs did not identify the Petitioner as his shooter. He testified that he did not see who

shot him. Despite this, the prosecuter falsely asserted in closing argument that Gibbs identified the Petitioner as

the shooter "uequivocal[ly]".

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)       **Direct Appeal of Ground Four:**

          (1) If you appealed from the judgment of conviction, did you raise this issue?       ☑ Yes       ☐ No

          (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)       **Post-Conviction Proceedings**:

          (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

                    ☐ Yes       ☐ No

          (2) If your answer to Question (d)(1) is "Yes," state:

          Type of motion or petition: _____

AO 241
(Rev. 06/13)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?           ❏  Yes      ❏  No

(4) Did you appeal from the denial of your motion or petition?      ❏  Yes      ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏  Yes      ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

_____

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

_____

AO 241
(Rev. 06/13)

13.   Please answer these additional questions about the petition you are filing:

(a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?   ☑ Yes        ☐   No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:   _____

_____

_____

_____

(b)   Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

No. _____

_____

_____

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?        ☐     Yes      ☑ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.   _____

_____

_____

_____

_____

_____

_____

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?        ☐     Yes      ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised.   _____

_____

_____

_____

_____

_____

AO 241
(Rev. 06/13)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:   N/A

(b) At arraignment and plea:   David Grimaldi, 929 Massachusetts Avenue, #200, Cambridge, MA 02139

(c) At trial:   David Grimaldi, 929 Massachusetts Avenue, #200, Cambridge, MA 02139;
Chauncey B. Wood, 50 Congress Street, Suite 600, Boston, MA 02109

(d) At sentencing:   David Grimaldi, 929 Massachusetts Avenue, #200, Cambridge, MA 02139

(e) On appeal:   Chauncey B. Wood, 50 Congress Street, Suite 600, Boston, MA 02109

(f) In any post-conviction proceeding:   N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:   N/A

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        ☐ Yes    ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?        ☐ Yes    ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

 

 

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

     (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

     (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

     (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

     (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241                                                                                                Page 16
(Rev. 06/13)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with
       respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation
       under this subsection.

Therefore, petitioner asks that the Court grant the following relief:   Vacate his conviction of second degree murder

and remand the case to the Massachusetts Superior Court for further proceedings,

_____

or any other relief to which petitioner may be entitled.


_____
                        /s/ Chauncey B. Wood

                        Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on   _____ (month, date, year).


Executed (signed) on   _____09/16/2021_____ (date).


_____
                        /s/ Jermaine Celester

                        Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

| Print | Save As... | Reset |